**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| THE BLAKE AT CARNES CROSSROADS, LLC and BLAKE MANAGEMENT GROUP, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | No. 2:21-cv-01170-DCN ) ) **ORDER** |
| WILLIAM J. GRIMSLEY, *as personal representative of the estate of Betty Grimsley*, | ) ) ) |
| Defendant. | ) ) |

The following matter is before the court on plaintiffs The Blake at Carnes Crossroads, LLC ("The Blake") and Blake Management Group, LLC's ("BMG") (collectively, "plaintiffs") motion to alter judgment, ECF No. 22. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

The Blake owns a residential care facility in Berkeley County, South Carolina that is operated and managed by BMG. Betty Grimsley (the "decedent") was admitted to The Blake on or about November 26, 2019. During the admission process, the decedent's son,[1] Grimsley, signed a contract to obtain care, residency, and treatment for the decedent (the "Admission Agreement"). By signing the Admission Agreement, Grimsley agreed that arbitration was the exclusive remedy for resolving "[a]ny legal controversy, dispute,

---

[1] The complaint alleges that Grimsley was the decedent's husband. However, both Grimsley's motion to dismiss and plaintiffs' response refer to Grimsley as the decedent's son. This discrepancy is immaterial to the court's review of the instant motion.

1

disagreement or claim . . . arising out of or relating to (1) th[e] Admission Agreement; (2) any service or health care provided by [The Blake] to [the decedent]; and/or (3) any matter related to the [decedent]'s stay . . . ." (the "Arbitration Agreement"). ECF No. 1-1 at 17. During her stay at The Blake, the decedent allegedly fell on multiple occasions and suffered multiple injuries. One such fall occurred on June 27, 2020 and resulted in a pelvic fracture that led to an immediate decline in her health. The decedent died on or about July 3, 2020.

On December 30, 2020, Grimsley, as personal representative of the estate of the decedent, filed a civil action in the Berkeley County Court of Common Pleas against The Blake and Crystal Tate ("Tate"), the administrator of The Blake (the "State Action"), asserting various causes of action including negligence and wrongful death. See Grimsley v. The Blake at Carnes Crossroads, LLC, No. 2020-CP-08-02753 (S.C. Com. Pl. Dec. 30, 2020). On April 20, 2021, plaintiffs filed the instant federal action to compel arbitration and stay the State Action. ECF No. 1, Compl. On June 25, 2021, Grimsley filed a motion to dismiss the action for lack of subject matter jurisdiction. ECF No. 13. On September 17, 2021, the court granted the motion and dismissed the action (the "Order of Dismissal"). ECF No. 20. On September 20, 2021, the court entered judgment in Grimsley's favor. ECF No. 21.

On October 15, 2021, plaintiffs filed the instant motion to alter judgment. ECF No. 22. On October 29, 2021, Grimsley responded in opposition to the motion. ECF No. 23. Plaintiffs did not file a reply, and the time to do so has now expired. As such, the motion is now ripe for the court's review.

## II.  STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment.  The rule provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted).  The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)).  To qualify for reconsideration under the third exception, an order cannot merely be "maybe or probably" wrong; it must be "dead wrong," so as to strike the court "with the force of a five-week-old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., 1995 WL 520978, *5 n.6 (4th Cir. 1995) (unpublished)).

## III.  DISCUSSION

Plaintiffs argue that the court incorrectly concluded that Tate was both a necessary and indispensable party to the action, such that the court's Order of Dismissal was based on a clear error of law.  The court disagrees and declines to alter its judgment on this basis.

Under Federal Rule of Civil Procedure 19, a district court must dismiss an action brought in diversity jurisdiction if a nondiverse, non-joined party is "necessary" and "indispensable" to the action. Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014).  In deciding whether to dismiss an action, Rule 19 is to be applied

3

"pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." Id. (internal quotation marks and citation omitted). Among other reasons provided in Rule 19, a party is necessary to an action where "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Four factors control whether a necessary party is indispensable: (1) "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties"; (2) "the extent to which any prejudice could be lessened or avoided"; (3) "whether a judgment rendered in the person's absence would be adequate"; and (4) "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b); see Home Buyers, 750 F.3d at 435–36; Tough Mudder, LLC v. Sengupta, 614 F. App'x 643, 645 (4th Cir. 2015).

Relying on Fourth Circuit precedent, including Tough Mudder,[2] this court concluded that Tate was necessary and indispensable to the federal petition to compel arbitration because she was a defendant in the underlying State Action who was likewise seeking to compel arbitration of that action.[3] ECF No. at 6–7 (citing Home Buyers, 750

---

[2] The facts of Tough Mudder and the court's analysis regarding the same are thoroughly discussed in the Order of Dismissal, and the court need not repeat that discussion here.

[3] Tate, together with The Blake, filed a motion to compel arbitration in the State Action on February 11, 2021. See State Action, Defs.' Mot. to Dismiss at 1. The court may take judicial notice of the public docket. See Fed. R. Evid. 201(b); Whitt v. Wells Fargo Fin., Inc., 664 F. Supp. 2d 537, 542 (D.S.C. 2009) ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

F.3d at 434–35 (finding that an absent party had an interest in a petition to compel arbitration where it also had a right to demand arbitration); Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999) (holding that non-diverse parties in an underlying state action who were omitted from a petition to compel arbitration but subject to the same arbitration provision were necessary parties); Cytec Indus., Inc. v. Powell, 630 F. Supp. 2d 680, 686 (N.D. W. Va. 2009) (finding that an absent party had an interest in a petition to compel arbitration because it sought to compel arbitration in an underlying state case)). Plaintiffs complain that, in so finding, the court "deviated" from "controlling precedent" that held "that merely being an alleged tortfeasor in an underlying action does not render a party necessary and indispensable to a separate federal action to compel arbitration. ECF No. 22 at 4 (citing THI of S.C. at Charleston LLC v. Vance, 2013 WL 10178817 (D.S.C. Oct. 9, 2013) and THI of S.C. at Rock Hill, LLC v. White, 2012 WL 5408318 (D.S.C. Nov. 6, 2012) (collectively, the "THI Cases")). Plaintiffs' argument misses the point. The court did not find that Tate was a necessary and indispensable party merely because she was an alleged joint tortfeasor in the State Action. Rather, its decision turned on the fact that Tate was a defendant in the State Action seeking to compel arbitration of that action, and a federal action on that precise matter could not proceed in her absence following Tough Mudder. As the court explained in its Order of Dismissal, this fact distinguishes the case from the THI Cases. Indeed, the court specifically explained its reason for deviating from the holdings in the THI Cases in favor of the holding in Tough Mudder:

> [P]laintiffs cite decisions from this district that predate Tough Mudder for the proposition that "merely being an alleged tortfeasor in an underlying action does not render a party necessary and indispensable to a separate, federal action to compel arbitration." ECF No. 16 at 6 (citing THI of South

5

Carolina at Charleston LLC v. Vance, 2013 WL 10178817 (D.S.C. Oct. 9, 2013)). [P]laintiffs are correct that "[c]ourts have held that nursing home administrators are not necessary parties under Rule 19 when another alleged joint tortfeasor seeks to compel arbitration under the FAA." THI of South Carolina at Rock Hill, LLC v. White, 2012 WL 5408318 (D.S.C. Nov. 6, 2012). However, the court is satisfied that it should reach a different conclusion in this case for two reasons. First, in the cases cited by [p]laintiffs, the non-joined parties did not take any action to compel arbitration of the underlying claims, such that their interest in any decision regarding the arbitration agreements at issue was nebulous and the risk of conflicting interpretations of those agreements was low. See, e.g., White, 2012 WL 5408318, at *4 (distinguishing the case from Owens–Illinois, Inc. by the fact that the non-joined party in White had not "pursued a separate action to compel arbitration that might generate a conflicting interpretation of the arbitration agreement . . . ."). Here, Tate, jointly with The Blake, filed a motion to compel arbitration in the State Action, and therefore Tate has affirmatively asserted her interest in this action—an interest that poses a risk of inconsistent interpretations of the Arbitration Agreement due to her absence in this action. Second, as already noted, Tough Mudder was decided after the cases on which [p]laintiffs rely. And following Tough Mudder, a court may properly find a non-joined party necessary and indispensable in a federal action to compel arbitration under the FAA when that party also seeks to compel arbitration in the related underlying state court action. Such is the case before the court, and the court therefore finds Tate necessary and indispensable to this action. [P]aintiffs' argument and citations to the contrary are unpersuasive. Because Tate's joinder destroys complete diversity between the parties, [p]laintiffs may not rely on 28 U.S.C. § 1332(a) to support this court's jurisdiction over the matter.

ECF No. 20 at 8–9. It is apparent that plaintiffs disagree with the court's reasoning and decision in its Order of Dismissal. However, "[a] party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted." Consulting Eng'rs, Inc. v. Geometric Software Sols. & Structure Works LLC, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007).[4] Plaintiffs already

---

[4] Plaintiffs also argue for the first time that Tate cannot be liable in the State Action because she was not employed at The Blake at the time of the alleged conduct underlying Grimsley's claims. Plaintiffs attempt to sidestep their failure to raise this point in their response in opposition to the motion to dismiss by stating that this fact "was

6

presented their arguments regarding the THI Cases for the court's consideration in their response to Grimsley's motion to dismiss, and the court's finding that those cases are not controlling in light of Tough Mudder does not now strike the court with the stench of being "dead wrong." See TFWS, Inc., 572 F.3d at 194. Therefore, plaintiffs are not entitled to the extraordinary remedy of reconsideration.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion.

**AND IT IS SO ORDERED.**

_[signature]_

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**December 6, 2021
Charleston, South Carolina**

---

previously noted in Exhibit B" of that response. ECF No. 22 at 5. Of course, Exhibit B to plaintiffs' response was merely a copy of the complaint in the State Action, and the court was not expected to parse through that exhibit to determine that fact for itself and make plaintiffs' arguments for them. Therefore, the court need not consider this argument that plaintiffs neglected to raise in their initial briefing. See Lyles v. Reynolds, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (noting that a motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind."). In any event, this argument does not alter the court's conclusion that Tate is a necessary and indispensable party. At the time of the court's consideration of the motion to dismiss, Tate was a defendant in the Underlying Action seeking to compel arbitration, and plaintiffs do not contend that she is no longer a party to that action. The court considered the motion to dismiss in light of the posture of the State Action at that time and would not then—nor will it now—consider Tate unnecessary or dispensable merely because plaintiffs suggest that she may ultimately be dismissed from the State Action.